# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF MASSACHUSETTS

|  |  |
|---|---|
| ROMEK FIGA, <br> D/B/A ABRAHAM & SON, <br><br> Plaintiff, <br><br> v. <br><br> HIGH TECH COMPUTER CORP., a/k/a <br> HTC CORP., HTC AMERICA, INC., <br> and EXEDEA, INC. <br><br> Defendants. | Civil Action No. 1:10-cv-10575 <br><br> JURY TRIAL DEMANDED |

## COMPLAINT

Romek Figa, d/b/a Abraham & Son, brings this action for patent infringement against Defendants High Tech Computer Corp., a/k/a HTC Corp. ("HTC Corp."), HTC America, Inc. ("HTC America"), and Exedea, Inc. ("Exedea"), and alleges as follows:

## PARTIES

1.  Plaintiff Romek Figa, d/b/a Abraham & Son ("Figa"), is a resident of the Commonwealth of Massachusetts doing business as Abraham & Son, having a place of business at 23 Briggs Lane, Hanover, Massachusetts 02339.

2.  On information and belief, Defendant HTC Corp. is a corporation organized and existing under the laws of Taiwan with its principal place of business at 23 Xinghau Road, Taoyuan 330, Taiwan, Republic of China. On information and belief, Defendant HTC Corp. is engaged in the design, manufacture, importation into the United States, and sale after importation of mobile communication devices and services.

3. On information and belief, Defendant HTC America is incorporated under the laws of the state of Texas, with its principal place of business at 13920 SE Eastgate Way, Suite 400, Bellevue, Washington 98005. Upon information and belief, Defendant HTC America performs several services to support the importation and sale of mobile communication devices produced by HTC Corp. into and within the United States, including marketing, repair, and after-sale services of mobile communication devices.

4. On information and belief, Defendant Exedea is incorporated under the laws of the state of Texas with its principal place of business at 5950 Corporate Drive, Houston, Texas 77036.  Upon information and belief, Defendant Exedea imports mobile communication devices produced by HTC Corp. into the United States and distributes and sells such mobile communication devices after their importation.

## JURISDICTION AND VENUE

5. This is an action for infringement of a United States Patent under 35 U.S.C. § 271.  The Court has subject matter jurisdiction under 28 U.S.C. §§ 1331 and 1338(a).

6. Venue in this district is proper under 28 U.S.C. §§ 1391(b), (c) and (d) and 1400(b).

7. The Court has personal jurisdiction over Defendants under MASS. GEN. LAWS ch. 223A, § 3, including for the reason that Defendants, directly and/or through agents, transact business in Massachusetts; contract to supply services or things in Massachusetts; and commit acts of patent infringement, as more fully described below, in whole or in part in Massachusetts. Defendants, directly and/or through third-party manufactures, manufacture or assemble products that are and have been offered for sale, sold, purchased, and used within Massachusetts.  In addition, Defendants, directly and/or through their distribution networks, regularly place their

products within the stream of commerce, with the knowledge and/or understanding that such products will be sold in Massachusetts. As such, Defendants have purposefully availed themselves of the benefits of Massachusetts and the exercise of jurisdiction over Defendants would not offend traditional notions of fair play and substantial justice.

## FACTUAL BACKGROUND

8. On May 8, 1990, United States Patent No. 4,924,496 ("the '496 patent") for an "Automatic Incoming Telephone Call Originating Number and Party Display System," was duly and lawfully issued by the U.S. Patent and Trademark Office ("USPTO").

9. A true and accurate copy of the '496 patent is attached hereto as Exhibit A and incorporated herein.

10. Figa is an inventor and the sole owner of all right, title, and interest in, to, and under the '496 patent and all rights of recovery thereunder.

11. The '496 patent expired on May 12, 2008.

12. Prior to the expiration of the '496 patent, Figa became aware that Defendants were making, using, offering for sale, and selling mobile telephones which infringe the '496 patent in the United States, and/or importing mobile telephones which infringe the '496 patent into the United States.

13. In 2005, Figa became aware of the importation and sale in the United States of an infringing mobile telephone, the i-Mate SP5m, by Carrier Devices.

14. On or about March 25, 2005, Figa contacted Carrier Devices and informed the company that certain Carrier Devices mobile telephones, including the i-Mate SP5m, infringed the '496 patent.

15. On April 3, 2005, Carrier Devices' Legal Manager wrote back to Figa, acknowledging receipt of the March 25, 2005 letter. Carrier Devices informed Figa that it had looked into the matter on an urgent basis and that Figa's concerns should be directed to Carrier Devices' manufacturer, High Tech Computer Corp., Taiwan. Accordingly, Carrier Devices informed Figa that the original March 25, 2005 notice letter had been forwarded to the HTC Legal Department, and Carrier Devices assured Figa that HTC would take the necessary procedures to look into the matter. The HTC Legal Department was copied on the April 3, 2005 letter from Carrier Devices.

16. On April 7, 2005, Carrier Devices followed up with a letter to Figa assuring that HTC was investigating the matter and informing Figa that HTC had requested additional information regarding the '496 patent and its application to HTC's accused products.

17. On September 28, 2005, Carrier Devices forwarded to Figa a report provided by the HTC Legal Department, titled, "Patent opinions to the claim chart forwarded from CDL," providing an analysis of the '496 patent as applied to the accused i-Mate phone sold by Carrier Devices ("CDL").

18. On December 20, 2005, by letter, Figa provided an expanded claim chart to Carrier Devices and HTC and requested that HTC and Carrier Devices enter into negotiations to license the '496 patent.

19. On January 4, 2006, Figa was informed that HTC's legal department would review the matter further and be in touch with Figa directly regarding the '496 patent.

20. Throughout 2006 and into the summer of 2007, Figa and HTC's legal department communicated by letter and, on occasion, via teleconference regarding the '496 patent and HTC's infringement.

21. On June 1, 2007, frustrated by HTC's delays, Figa wrote to HTC questioning whether HTC was approaching negotiations in good faith and reemphasizing that the manufacture, importation and sale of an extensive list of mobile telephones produced by HTC infringed the '496 patent. Figa specifically reserved the right to act against HTC as well as importers and/or sellers of any infringing HTC phone. HTC did not respond.

22. On May 15, 2008, Figa again wrote to HTC requesting additional information about phones manufactured by HTC that are sold in the United States and requesting that the parties re-open their licensing discussions. HTC did not respond.

23. Upon information and belief, Defendants have infringed one or more claims of the '496 patent by engaging in acts that constitute infringement under 35 U.S.C. § 271, including but not limited to making, using, selling, and/or offering to sell, in Massachusetts and throughout the United States, and/or importing into Massachusetts and elsewhere in the United States, mobile telephones, including but not limited to the HTC Typhoon (a/k/a, Audiovox SMT5600; i-Mate SP3), the HTC Tornado (a/k/a, T-Mobile SDA; Cingular 2125; i-Mate SP5m), HTC Wizard (a/k/a, T-Mobile MDA, Cingular 8100/8125), HTC Hermes (a/k/a TYTN; AT&T 8525; Cingular 8525), HTC Excalibur (a/k/a, S620; T-Mobile Dash; Suncom S621); HTC Advantage (a/k/a, X7500; X7501), HTC Touch (a/k/a, Elf P3450); HTC Mogul (a/k/a, Mogul PPC-6800), HTC Kaiser (a/k/a, TYTN II; AT&T 8925; Tilt), and HTC P4350 (a/k/a, T-Mobile Wing).

## COUNT I

## Infringement of the '496 Patent

24. Plaintiff Figa incorporates by reference paragraphs 1-25 above as though fully set out herein.

25. In violation of 35 U.S.C. § 271(a), Defendants engaged in acts of direct infringement of the '496 patent. Defendants' infringement was willful and deliberate.

26. In violation of 35 U.S.C. § 271(b), Defendants actively engaged in inducing infringement of the '496 patent. Defendants caused, urged, encouraged, and/or aided, with knowledge and specific intent, others to infringe the '496 patent.

27. By reason of the aforesaid infringement, Figa has been damaged and is entitled to damages adequate to compensate for the infringement by Defendants, but in no event less than a reasonable royalty for the use made of the invention by Defendants together with interest and costs as provided under the terms and provisions of 35 U.S.C. § 284.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff Figa respectfully requests this Court to grant the following relief, and any other relief the Court may deem proper, against Defendants:

1. Enter judgment in favor of Figa determining that Defendants directly infringed the '496 patent in violation of 35 U.S.C. § 271(a);

2. Enter judgment in favor of Figa determining that Defendants induced the infringement of the '496 patent in violation of 35 U.S.C. § 271(b);

3. Award Figa monetary damages for infringement, in an amount to be proven at trial;

4. Award Figa treble damages for willful infringement pursuant to 35 U.S.C. § 284; and

5. Award Figa prejudgment and post-judgment interest, attorneys' fees, costs, and such other and further relief as the Court may deem just and proper.

## **JURY DEMAND**

Figa demands a trial by jury on all issues so triable.

Dated: April 6, 2010

Respectfully submitted,
ROMEK FIGA,
D/B/A ABRAHAM & SON
By his Attorneys,

/s/ Jack C. Schecter
Lisa M. Tittemore (BBO# 567941)
Jack C. Schecter (BBO# 652349)
SUNSTEIN KANN MURPHY & TIMBERS LLP
125 Summer Street
Boston, Massachusetts  02110
Telephone:  617-443-9292
Facsimile:  617-443-0004
ltittemore@bromsun.com
jschecter@bromsun.com

03327/00502  1231852.1